IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CR-30-BO
NO. 4:16-CV-219-BO

| | |
|---|---|
| LOMACHAEL ANTONIO GRICE,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **ORDER** |

This matter is before the Court on petitioner's motion pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, and the matter is ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted and the § 2255 petition is dismissed.

## BACKGROUND

After pleading guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute twenty-eight grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. §§ 841 and 846, petitioner, Lomachael Grice, was sentenced on January 7, 2015, to a term of 108 months' imprisonment. Petitioner did not file a direct appeal. Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on August 3, 2016, alleging that his advisory Sentencing Guidelines range should be reduced for his having had a minor role in the offense, citing U.S.S.G. § 3B1.2(b). The government has moved to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Petitioner has failed to respond to the motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Because petitioner did not file a direct appeal, his conviction became final upon the expiration of the fourteen-day period for noticing a direct appeal, or January 21, 2015. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Diallo*, 581 Fed. App'x 226, 227 (4th Cir. 2014). Petitioner's § 2255 motion was filed in August 2016, well-outside the filing period provided by § 2255(f)(1). Petitioner does not appear to rely on any other provision of § 2255(f) as he has not identified any government impediment which has been removed, he has not relied on a Supreme Court decision made applicable retroactively, nor has he identified any new facts discovered through due diligence to support his claim. His § 2255 petition is therefore untimely.

While equitable tolling is available to toll the limitations period in this context, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), petitioner has identified no basis upon which to invoke equitable tolling. Petitioner relies on a recent amendment to the Sentencing Guidelines,

2

Amendment 794, to argue that his petition should be deemed timely, but has not identified any court which has applied such amendment retroactively on collateral review. *See, e.g. United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (holding that Amendment 794 is retroactively applicable to cases on *direct appeal*); *United States v. Perez-Carrillo*, No. 7:14CR00050, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016) ("The United States Sentencing Commission did not make Amendment 794 retroactive to all cases."). That Amendment 794 is not retroactively applicable on collateral review would further serve as a basis upon which to dismiss petitioner's § 2255 motion if it were deemed to have been timely filed. *See also United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (discussing universe of errors which can be corrected under § 2255 and noting that, generally, an ordinary misapplication of the Guidelines is not such an error).

For these reasons, the government's motion to dismiss petitioner's § 2255 motion is granted.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 44] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 40] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 27 day of February, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 4:14-cr-00030-BO   Document 47   Filed 02/28/17   Page 4 of 4